UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SVANACO, INC., d/b/a AMERICANEAGLE.COM, | ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 10643 |
| v. | ) ) | Judge Sara L. Ellis |
| BARRINGTON ROSS, | ) ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant Barrington Ross' motion to dismiss Plaintiff's emergency TRO and preliminary injunction [15].  See Statement.

## STATEMENT

Plaintiff Svanaco, Inc., d/b/a Americaneagle.com ("American Eagle") filed this case against Defendant Barrington Ross, contending that Ross has engaged in a campaign of extortion, defamation, and tortious interference against American Eagle, arising out of American Eagle's rejection of Ross' employment application in May 2023.  In connection with its complaint, American Eagle sought a temporary restraining order ("TRO") and preliminary injunction to prevent Ross from (1) publishing certain statements American Eagle has identified as false; and (2) contacting any American Eagle customer in any way regarding his disputes with American Eagle, including his pending Equal Employment Opportunity Commission charge, this litigation, and any future litigation.  After a hearing, the Court denied American Eagle's TRO and preliminary injunction requests.  Docs. 14, 16.  Ross has now filed a motion to dismiss, arguing that because American Eagle has not shown a likelihood of success on the merits that would overcome his First Amendment right to free speech, the Court should dismiss American Eagle's requests for a TRO and injunctive relief.  Ross also requests $50,000 in emotional distress damages for American Eagle's filing of the TRO.  American Eagle opposes Ross' motion.

Initially, the Court notes that the basis for Ross' motion is unclear.  Ross asks the Court to dismiss American Eagle's request for an emergency TRO and preliminary injunction, arguing that American Eagle does not have a likelihood of success on the merits and interposing factual challenges to its claims.  The Court already denied American Eagle's motion for a TRO and preliminary injunction, however, explaining that American Eagle had not met its burden to support issuance of preliminary injunctive relief, particularly in light of Ross' First Amendment rights and concerns about prior restraint.  *See* Doc. 16 at 18:11–21:8.  Yet Ross does not seem to recognize this in his motion, making similar arguments to those he raised at the hearing on the

TRO and preliminary injunction. Because American Eagle does not have any pending TRO and preliminary injunctive requests, the Court denies this aspect of Ross' motion as moot.

To the extent that Ross' motion challenges the sufficiency of American Eagle's pleading, Ross improperly raises factual defenses to American Eagle's claims. He argues that American Eagle mischaracterizes his actions or ignores other facts that prove that he has not engaged in extortion, defamation, or tortious interference. In considering a motion to dismiss, however, the Court must take as true all well-pleaded facts in the plaintiff's complaint and determine only whether those allegations sufficiently state a claim, not whether the claim actually has merit. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In other words, the Court cannot make factual determinations at the motion to dismiss stage. *See, e.g.*, *Cuenca v. Harris & Harris, Ltd.*, No. 16 C 5385, 2017 WL 1196922, at *3 (N.D. Ill. Mar. 31, 2017) (refusing to decide a factual question at the motion to dismiss stage because such a determination would be inappropriate); *United States v. LaSalle Bank, N.A.*, No. 07 C 6196, 2008 WL 4874169, at *2 (N.D. Ill. July 29, 2008) (collecting cases and explaining that a court should not resolve factual disputes at the motion to dismiss stage). The Court therefore does not find it appropriate to engage with Ross' arguments for dismissal at this stage. To the extent that Ross believes that American Eagle cannot prevail on the merits of its claims, he may raise such arguments after the parties have engaged in discovery in a motion for summary judgment.

Finally, the Court addresses Ross' request for $50,000 in emotional damages. At this time, Ross, as the defendant, has no affirmative claim in this litigation for which he could receive a monetary award. To the extent that Ross believes that he has a counterclaim against American Eagle that would allow him to recover emotional damages, he should file a counterclaim in connection with his answer to the complaint.

Date: January 20, 2026 /s/ Sara L. Ellis